## WARNER vs. THE SUPERVISORS OF OUTAGAMIE COUNTY.

PRACTICE :  *Notice of examination of a party as witness.*

Ch. 64, Laws of 1859, requiring notice to be given of the intended examination of a party as a witness, where the opposite party is a corporation, was repealed by ch. 176, Laws of 1868; and such notice is no longer necessary. *Delamatyr v. Railroad Co.*, 24 Wis. 578.

APPEAL from the Circuit Court for *Outagamie* County.

The plaintiff presented two separate accounts against said county to the county board; and these were acted upon at the same time, and both disallowed in part. He then took an appeal to the circuit court under the statute, but on the trial of the action the court refused to permit him to testify in his own behalf, on the ground that he had not given any notice of his intended examination to the defendant corporation. The plaintiff appealed from a judgment of nonsuit.

*Warren & Ryan*, for appellant.

*Hudd & Wigman*, for respondent, contended that the two accounts could not be prosecuted on one appeal, and there was therefore no appeal before the circuit court (R. S. ch. 13, secs. 40, 41; Gen. Laws of 1860, ch. 116); and that plaintiff's testimony was properly excluded for want of notice. Laws of 1858, ch. 134,

sec. 3 (R. S. p. 818), and ch. 64, Laws of 1859; *Sika v. Ch. & N. W. R. W. Co.*, 21 Wis. 370.

DIXON, C. J. *Delamatyr v. Railroad Co.*, 24 Wis. 578, is entirely decisive of one point in this case, and that is the only point necessary to be considered. It was there held that chapter 176, Laws of 1868, repeals chap. 64, Laws of 1859, and thus supersedes the rule of *Sika v. Railroad Co.*, 21 Wis. 370, requiring notice to be given of the intended examination of a party as a witness, where the opposite party is a corporation. No such notice is now required to be given, and the plaintiff should have been allowed to testify in his own behalf, when he offered himself as a witness for that purpose. The court rejected him for want of such notice, which was error; and the judgment must be reversed, and new trial awarded.

*By the Court.*—It is so ordered.