THE TOWN OF MENASHA vs. THE STEAM TUG PORTAGE.

*Village charter construed.— Who should sue for injury to bridge.—Jurisdiction of state court.*

1. A bridge, within the corporate limits of a *village*, was built and has always been maintained by the *town*.   By the charter of said village, its president and trustees are authorized to lay out and vacate streets, and cause them to be graded, paved and planked at the expense of the adjoining lot owners; to provide for the security and protection of

bridges, and to prevent persons riding or driving on them faster than a walk, but no power is expressly given them to build and repair bridges, or to raise money by taxation for that purpose. The supervisors of the *town* are constituted the trustees of said village, and the chairman of said supervisors the president of said trustees. *Held*,

(1.) That no power to build and repair bridges can be *implied* from the powers expressly given to such trustees.

(2.) That an action for an injury to the said bridge was properly brought in the name of the *town*.

2. The bridge being built over a *canal*, no question as to the admiralty jurisdiction of the circuit court arises in the case.

APPEAL from the Circuit Court for *Winnebago* County.

Action for injuries to a bridge, brought against the defendant vessel under ch. 184, Laws of 1869. Judgment of nonsuit; from which the plaintiff town appealed. The case is stated in the opinion.

*E. P. Finch* and *Elbridge Smith*, for appellant.

*Gabe Bouck*, for respondent.

COLE, J. The question in this case is, whether the *Town of Menasha* was the proper party to bring the action for an injury to the bridge, or whether it should have been brought in the name of the president and trustees of the village of Menasha. The bridge is within the corporate limits of the village; was rebuilt by the town in 1867, under the authority of the supervisors, at the expense of the town; and has always been maintained by the town as a bridge on one of the highways therein. The circuit court held that the action could not be maintained by the town, but should have been brought in the name of the village, and directed a peremptory nonsuit.

The charter of the village of Menasha is quite peculiar in its provisions. Ch. 174, Pr. & L. Laws of 1866. The second section declares that the inhabitants of a district therein described shall be a body corporate by the name and style of the "president and trustees of the village of Menasha," and by that name shall be capable of contracting and being contracted with, and

of suing and being sued, etc.    Various powers of police regulation and of local government are conferred in subsequent sections upon the board of trustees. Among other things, they are vested with power to lay out and vacate streets, alleys and walks within the corporate limits, and cause them to be graded, paved, or planked at the expense of the adjoining lot owners. Secs. 23 and 24.    They could "provide for the security and protection of bridges, and to prevent all persons riding or driving thereon faster than a walk."    14 subd. sec. 14.    But no power is given the board of trustees to build and repair bridges within the corporate limits, or to raise money by taxation upon the property of the village for that purpose; and we think no such power can be claimed to be vested in the board by implication, or as incidental to any express power given them.    The legislature does not seem to have rendered it a corporate duty to build a bridge within the corporate limits, whenever required by public convenience, but has left that matter still under the control of the town authorities.    It is the town which has the power to build and repair bridges within the corporation, and the right to raise money by taxation for that purpose.    And this becomes the more evident when we consider that the president and trustees of the village are not elected by the inhabitants of the village, independent of the town; but the three supervisors annually elected in the town of Menasha are declared to be the trustees of the corporation, and the chairman of the town board is made president of the corporation.    Sec. 5.    And because the supervisors of the town of Menasha—who, by the general statute (sec. 1, ch. 19, R. S.), have the care and superintendence of the highways and bridges within the town, and who are authorized to build and repair the same—were *ex officio* made the trustees of the village, the legislature may have thought best to continue their general jurisdiction over the bridges

within the corporate limits. . Certain it is, that while as trustees of the village they are vested with no power to build and repair bridges, as supervisors of the town their authority is ample. The duty of keeping the bridges in repair devolved upon the supervisors in their character as such; it was a duty and power vested in them as town officers; and it necessarily follows that an action for an injury must be brought by the town.

The bridge alleged to have been injured by the boat was one across the canal in the village. We cannot see how any question of admiralty jurisdiction can arise in the case.

We think the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.*—Judgment reversed, and a new trial awarded.