POTTER and another v.s. THE PRESIDENT AND TRUSTEES of the village of Menasha.

(1) *Nuisance in erection of bridge, who may enjoin.* (2) *Erection by municipal officers without authority may be enjoined.* (3) *Party to action a competent witness without notice to opposite party.*

1. Where persons undertake without lawful authority to erect a bridge over a stream in the line of a public highway, one who will suffer *special* damage from the construction and maintenance of such bridge, may maintain an action to restrain its erection, etc.

2. If defendants, *as supervisors of the town* of Menasha, would have authority to erect such bridge, still its erection under an order made by them, without legal authority, as *trustees of the village* of Menasha, will be restrained at the suit of one who shows special damage.

3. Under ch. 176, laws of 1868, a party to an action may be examined as a witness in his own behalf, without notice to the opposite party, though the latter is a corporation. *Delamatyr v. R. R. Co.* (24 Wis., 578), and *Warner v. Supervisors* (26 id., 310), followed.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiffs, *Potter* and *Duchman*, brought their action to restrain defendants from the erection of a pile bridge over the north branch of Fox river, in front of plaintiff's mill, in the vil-

lage of Menasha. Plaintiff's saw and shingle mill was located just below a dam built across said branch, upon which dam a bridge had been erected and in use for many years. Defendants were about to construct a new bridge above the old one; which plaintiffs sought to enjoin on the ground that its erection in front of the mill would be a public nuisance, and would interfere with the free use of the pond above their dam, as well as increase the expense of doing business in their mill. The remaining facts appear in the opinion. Judgment being rendered dismissing the complaint, plaintiffs appealed.

*Elbridge Smith*, for appellant.

*E. P. Finch*, for respondents.

DIXON, C. J. Counsel for the defendants very frankly concedes that the defendants, as president and trustees of the village, had no authority to build the bridge. This was so decided on the argument of the same learned counsel in support of the proposition in the case of *The Town of Menasha v. The Steam tug Portage*, 26 Wis., 534, and there can be no doubt, we think, about the correctness of that decision. This concession being made, it seems to follow, though we assume all other points in favor of the defendants, respecting the validity or legal existence of the highway, that still this action should be maintained, provided only that the plaintiffs have shown that they have or will suffer special or peculiar damage by reason of the erection and maintenance of the bridge. It appears that the plaintiffs are the owners or parties beneficially interested under a lease in perpetuity of the *locus in quo*, or place where the bridge was being built, and that the same is in their actual possession, use and enjoyment, subject only to the public easement or right of passage over it as a highway. The plaintiffs occupy the premises with a flume or race crossing the alleged highway, and used by the plaintiffs for the purpose of running logs to their saw, lath and shingle mill, situated below the dam. The legality of such use and occupation or the right of the plaintiffs,

subject to the easement of the public, is not questioned or denied. A bridge had been built and kept up and maintained upon and over the flume for the benefit and accommodation of public travel. That bridge was erected and maintained, as it seems, by and at the expense of the plaintiffs, in pursuance of a condition or stipulation to that effect contained in their lease. That bridge was in existence and suitable and proper for the accommodation of public travel at the time the defendants commenced the construction of another bridge, the bridge complained of, above it and within the line of the same highway. The plaintiffs feeling themselves aggrieved, and alleging that they had sustained or would sustain special damage and injury by the obstruction of their flume and interruption of their right to the use and enjoyment of it, and of their mill pond above, commenced this action to restrain and put a stop to the proceeding.

Now, looking upon the acts of the defendant as wholly unauthorized by law, or as if they were three merely private persons clothed with no public or official authority whatever, who had come upon the premises and undertaken the building of the bridge or to drive piles in the bed of the stream, thus permanently interfering with and depriving the plaintiffs of the lawful use and enjoyment of their own property, and creating what in strict legal sense would be deemed and denominated a public nuisance in the highway, because unlawfully placed there, it would seem very clear that the plaintiffs, proving any peculiar injury or inconvenience of a permanent nature or likely to be, would be entitled to maintain their action and to have the relief demanded in their complaint. This court has certainly no disposition, without necessity, and unless the due administration of the law imperatively demands it, to interfere with the acts and proceedings of the public authorities of the town and village of Menasha in matters of this nature, for we believe that the rights and interests of all, will, in general, be best subserved and promoted by leaving the local authorities free to act and

determine according to their best judgment in all cases and upon all questions falling within their jurisdiction, or upon which they are empowered by law to act. Assuming the *locus in quo* to be a highway, a point which we do not now decide, because it is unnecessary, it may be that this is a case where legislation is necessary and ought to be had to cure the error or defect which has intervened. Assuming the existence of the highway, it would clearly seem that, with proper legislation, it ought to make no difference that the same persons, acting both as the board of supervisors of the town and as the president and trustees of the village, made the mistake of directing the building of the bridge, while professing to act in the latter capacity when they should have done it in the former.

But as we have said, looking upon the action of the defendants now as wholly without authority, as we are compelled to, we do not see but the plaintiffs were entitled to the relief which they demanded. We have not scrutinized the testimony very closely, but have examined it far enough to satisfy ourselves that considerable evidence of special and peculiar damage was given. But more than this, the plaintiff, *Duchman*, was called as a witness, and his testimony rejected. He was excluded on objection of the defendants, and, as their counsel now concedes, erroneously. It was clearly error, since no notice of his intended examination was necessary. *Delamatyr v. Railroad Co.*, 24 Wis., 578; *Warner v. The Supervisors of Outagamie County*, 26 Wis., 310. It must be presumed that the witness was called, and would have given testimony on this very subject of special and peculiar injury. It was in connection with that branch of the plaintiffs' case that he was called, and it cannot be said, therefore, that the plaintiffs suffered no wrong by his having been improperly excluded. For this error alone, the judgment would, under the circumstances, have to be reversed, and it is accordingly so ordered.

*By the Court.*— Judgment reversed, and cause remanded for further proceedings according to law.