LARSON and others, Respondents, vs. FURLONG, imp., Appellant.

*April 29 — June 1, 1885.*

*Navigable waters: Riparian rights: Dock: Public nuisance: Removal: Special verdict.*

1. A dock built in the navigable waters of a lake, and which, for the reason that the shore belongs to other parties, cannot be connected with the land so as to be used in aid of navigation, is a public nuisance.

2. If such dock injures the docks and wharves of a private individual and renders their use dangerous, he may lawfully remove it.

3. Where plaintiffs in constructing a dock took stone from defendants' land, without right, the latter, upon lawfully removing the dock, may appropriate the stone to their own use.

4. Where the only question in the case (aside from the amount of damages) is whether defendants did more damage than was necessary in removing a dock, they are entitled, upon due demand, to a special verdict showing in what such excess of injury, if any, consisted.

APPEAL from the Circuit Court for *Kewaunee* County.

This action was brought against the present defendant and one John Furlong, in 1877, to recover damages for the alleged wrongful tearing down of a certain dock or wharf of the plaintiffs, situated in the waters of Washington harbor, in the county of Door, and for the wrongful conversion of the materials of which it was composed.

On the first trial of the action the plaintiffs were nonsuited, but the judgment of nonsuit was reversed by this court on the plaintiffs' appeal therefrom. 50 Wis. 681. The cause has been again tried and resulted in a verdict and judgment for the defendant John Furlong, and against this defendant *John M. Furlong.* The jury assessed the plaintiffs' damages at $1,136. The court subsequently denied a motion for a new trial, upon condition that the plaintiffs remit $300 of the judgment, which they accordingly did, and judgment was entered for the balance. The defendant *John M. Furlong* appeals from the judgment.

A sufficient general statement of the case will be found in the report on the former appeal.

For the appellant there was a brief by *Hudd & Wigman,* and oral argument by *Mr. Hudd.*

For the respondents the cause was submitted on the brief of *O. E. Dreutzer* and *John J. Tracy.*

LYON, J. During the last trial of this action, counsel for the defendant, in due and proper time, demanded that the jury return a special verdict. This was refused, presumably for the reason that the learned circuit judge thought the plaintiffs were entitled, upon the uncontroverted evidence, to recover some damages. Hence the only question submitted to the jury was that of damages. In making this ruling we are satisfied that the judge overlooked the testimony upon at least one material fact in the case.

On the first appeal herein it was held, under the proofs, that the defendants had no right to interfere with the

structure of the plaintiffs, although the same might have been a public nuisance, unless it caused them some special damage. There was no evidence on that trial of any such special damage, except that, should business be done over such structure, it might prove injurious to the business of the defendants. This was held not to be such an individual injury to the defendants as would authorize them to remove the structure. But, on the last trial, testimony was introduced by the defendants tending to show that it injured their dock and wharves. It appeared that when the wind was in a certain direction the structure of the plaintiffs was dangerous to vessels leaving the defendants' wharf, and that in one instance a vessel so leaving was driven upon it and sunk.

Assuming that the plaintiffs' structure was a public nuisance, this testimony tends to show, and, if uncontroverted, does show, that the defendants sustained special damage therefrom, which would give them the legal right peaceably to remove it. In such case, the only question for the jury on the merits of the action was whether, in removing it, they did more damage than was necessary to accomplish that purpose. If the testimony was controverted, then a question of fact was presented upon which the defendants were entitled to a special verdict.

We think the undisputed evidence shows that the plaintiffs' structure was a public nuisance. It was erected in navigable waters, and did not abut the shore; the inner crib being about twenty feet distant therefrom. The shore at that point was the property of one of the defendants. He proved title thereto, under a tax deed duly executed and recorded in 1869. The defendants also introduced in evidence the judgment roll in an action instituted by them against these plaintiffs, or some of them, in which it was determined and adjudged that in 1876 and afterwards the defendants had sufficient title to the land abutting the harbor

at that point to entitle them to maintain trespass for injuries thereto. The defendants having such title and possession, it was impossible for the plaintiffs lawfully to connect their wharf with the shore, so as to use it in aid of navigation. Hence it was a public nuisance. This feature of the case, as well as the testimony showing that the plaintiffs' structure inflicted special damage upon the defendants, seems to have been entirely ignored in the instructions to the jury.

Certain instructions were proposed on behalf of the defendants, which the court refused to give. These instructions embody, in the main, the views above expressed. In so far as they do so, they ought to have been given, or at least applied by the circuit court, and the refusal or failure to do so. was error fatal to the judgment.

The value of the stone used in the pier seems to have been included in the assessment of damages. It appears that the stone was taken from the land of the defendants. The same was therefore their property, and they cannot lawfully be required to pay the plaintiffs therefor, even though the defendants converted them to their own use, which, to say the least, is doubtful, under the testimony.

As the case stands on the evidence, the only question for the jury (aside from that of damages, if the plaintiffs are entitled to recover) was whether the defendants did more damage than was necessary in removing the pier, and if they did so the defendants were entitled to a special verdict, showing in what such excess of injury consisted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to award a new trial.