RIDEN v. GRIMM BROS.

(*Knoxville.* September 19, 1896.)

1. INTOXICATING LIQUORS. *Wife may recover for injury resulting from forbidden sale to husband.*

A sale of intoxicating liquors to an habitual drunkard, after notice from the latter's wife forbidding it, in violation of Acts 1889, Ch. 68, making such sale a misdemeanor, is *per se* such negligence as renders the seller liable to the wife for the death of the husband, or other injury resulting to her from such sale. (*Post, pp. 222–224.*)

Act construed: Acts 1889, Ch. 68.

Case cited and approved: Queen v. Dayton, etc., Co., 95 Tenn., 458.

2. SAME. *Same. Pleading notice.*

In the wife's suit against a saloon keeper to recover damages for sale of liquors to her drunken husband, in violation of Acts 1889, Ch. 68, it is sufficient to aver in general terms that the defendant was duly and lawfully served with notice not to sell to the husband, without setting out the notice and the Sheriff's return thereon. (*Post, p. 224.*)

Act construed: Acts 1889, Ch. 68.

---

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County. JOHN A. MOON, J.

CASE & CASE and JAMES FAULK for Riden.

H. M. WILTSE for Grimm Bros.

WILKES, J. This is a suit for damages sustained by the plaintiff in the death of her husband. Defendants demurred to the declaration filed, which was sustained and the suit dismissed, and plaintiff has appealed and assigned errors.

The declaration alleges that defendants were saloon keepers or retail dealers in liquors in Chattanooga; that her husband, W. H. Riden, had become an habitual drunkard, and this fact was well known to defendants; that, on May 29, 1894, the defendants were duly and lawfully served with written notice not to sell W. H. Riden anything to drink in their saloon, and were forbidden by her to do so; that, in violation of said notice, the defendants, in May, June, and July, 1894, in Chattanooga, sold, gave, furnished, and procured for her husband large quantities of intoxicating liquors, in violation of the prohibition and of the statute relating thereto, to the injury of her husband, and from the effects of which he sickened, was paralyzed, and died August 11, 1894, and she was deprived of the support, society, and maintenance of her husband to her damage $20,000.

The demurrer states several grounds of insufficiency, which may be summarized as follows: That no cause of action is stated; that the suit is not brought for the statutory penalty, and that no right of action exists for such penalty except in the name of the State; that there is no common law liability; that the declaration does not show a compliance with

Riden *v.* Grimm Bros.

the statute in the notice by the wife, and that it does not allege a return of the notice indorsed by the Sheriff, as the law prescribes.

The law under which the suit is brought is the Act of March 16, 1889, entitled "An Act to prevent the selling, giving, furnishing to or procuring for any husband who is an habitual drunkard, of any intoxicating liquors" and reads thus:

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That it shall be unlawful for any person engaged regularly, or otherwise, in the manufacture or sale of any spirituous, vinous, malt, or mixed liquors, their employees, agents, or servants, or any person for them, to sell, give, furnish to or procure for any husband who is an habitual drunkard any intoxicating liquors, after having been served with a written prohibitory notice thereof, signed by the wife of said husband.

"SEC. 2. *Be it further enacted,* That said notice shall be served and a due return thereof made to the Clerk of the County Court by the Sheriff or any Constable of the county wherein such person is engaged in the manufacture or sale of said liquors.

"SEC. 3. *Be it further enacted,* That any person or persons violating the provisions of the first section of this Act shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than $10 nor more than $200."

The principal question presented under the demurrer is, that for the acts complained of there is

no common law liability, and that the statute simply makes them a misdemeanor, and prescribes a penalty, which the State alone can enforce, but confers no right of action for damages upon the wife.

The principle involved in this cause is the same as that involved in *Queen* v. *The Dayton Coal & Iron Co.*, 11 Pick., 458. In that case a minor had been employed to work in a mine, contrary to the prohibition of the statute, which made such employment a misdemeanor. The minor brought civil suit for personal damages sustained while so employed, and this Court held that the employment of the infant in the mine, in violation of the statute forbidding such employment and declaring it a misdemeanor, made it, *per se*, such negligence as rendered the employer liable for all injury sustained by the infant in the course of the employment. "The breach of the statute is actionable negligence whenever it is shown that the injuries were sustained in consequence of the employment."

It is also actionable negligence whenever it is shown that the breach of the statute inflicts or results in the damage or injury complained of. In Bishop on Non-Contract Law, Sec. 71, it is said : "A civil wrong and a criminal wrong are legally distinct things, though both may proceed from one act of the offender. If the injury is of a nature falling on the entire community, one individual suffering from it only as others do, can maintain no action against the wrongdoer, even should it in a degree casually

press more heavily upon him than upon others.   But he who suffers a special damage may have his suit, though by reason of the public harm the defendant is also indictable.   See also *Egbert* v. *Greenwalt*, 44 Mich., 245 ; *Malindy* v. *Bushwick*, 91 N. Y., 148 ; *Gifford* v. *McArthur*, 55 Mich., 535; *Larson* v. *Farlong*, 63 Wis., 323 ; *Potter* v. *Menasha*, 30 Wis., 492.

It is insisted that the plaintiff's declaration does not sufficiently allege a compliance with the requirement of the statute, because it does not set out the notice and Sheriff's return of the same to the County Court as the Act prescribes.   The declaration alleges that defendants were duly and lawfully served with a written notice not to sell to plaintiff's husband. This is sufficient.   As to the wording of the notice, the manner in which the legal service was made, and what return was made and indorsed, are matters to be shown in proof so far as they are material, and the allegations of due and legal service in the declaration is sufficient.   Whether there would not be ground of liability in the entire absence of notice- or return, need not be considered in the present aspect of the case.

The judgment of the Court below is reversed and the cause remanded for trial.   Appellees will pay the costs of the appeal.