## JOE DAVIS v. MATTIE FARRIS.

Court En Banc.   August 8, 1925.

No petition for Certiorari was filed.

1. **Appeal and error. Evidence held to make a case for the jury.**
In an action to recover damages for personal injuries caused by collision of defendant's automobile with automobile in which plaintiff was riding when evidence of the parties conflicting, held to make a typical case for the jury.

2. **Appeal and error. Appellate court will not reverse a judgment if there is any material evidence to sustain it.**
It is elementary, that if there is any material evidence to sustain the verdict, the appellate court will not reverse the judgment.

3. **Negligence.   Contributory negligence to ride with a driver who is crippled so that he cannot properly operate the automobile.**
Negligence may be predicated on the fact that the owner of a machine permitted it to be run by a driver who was crippled so that he could not properly operate the car or use the foot brake efficiently, but in instant case, held that the evidence did not show the driver was so crippled.

4. **Negligence of automobile driver not imputed to passenger.**
If driver of automobile, in which plaintiff was riding as a passenger, was guilty of negligence contributing to plaintiff's injury in collision with defendant's automobile, plaintiff held still entitled to go to jury upon concurring negligence of defendant, as driver's negligence was not imputable to passenger.

5. **Trial. Instructions. Instruction that plaintiff a passenger in automobile, might recover although the driver was guilty of contributory negligence that would bar his recovery, held good.**
In an action to recover damages for personal injuries by a wife who was riding with her husband who was driving the automobile, an instruction which charged the jury that if this accident was caused partly by the negligence of the drivers of both cars, the plaintiff below was entitled to recover, if she had not herself been guilty of negligence that proximately contributed to bring it about, although her husband might have been guilty of such contributory negligence as would bar his recovery, held not to be erroneous.

6. **Trial. Instructions. Not error for trial court to fail to instruct if instructions not requested.**
In an action to recover damages for personal injuries caused by collision of automobiles where court's instructions were good as far as they went and defendant asked no other instructions, the trial court cannot be put in error for not more fully instructing the jury.

7. **Trial. Instructions. Instruction on custom of dimming head-lights of automobiles held good.**
In an action to recover damages for personal injuries caused by collision of automobiles, an instruction which charged the jury, in substance, that if there was an established custom or usage, known to the defendant, of dimming the lights on meeting automobiles traveling in the opposite direction, and if an ordinarily prudent man would be expected to observe this custom, if his failure to do so proximately caused this collision in which the plaintiff was injured, then she would be entitled to recover held good.

**8. Highways. Rules of the road are customs.**

The rules of the road, in the absence of a statute, are nothing but customs that have grown up in this country and are so generally known that every one is presumed to know them.

**9. Negligence. Non-observance of an established custom known to defendant is negligence per se.**

The non-observance of an established custom or usage in general, known to the defendant, may be such negligence as renders the owner or operator of an automobile liable in damages for injuries if such negligence was the proximate cause of the injuries.

**10. Negligence. Driving an automobile while intoxicated in violation of a statute is negligence per se.**

The violation of a statutory duty is negligence per se, and if the injury is the proximate result or consequence of the negligent act there is liability.

**11. Trial. Charge of court held not to prejudice jury.**

In an action to recover damages for personal injuries caused by collision of automobiles, the Court's charge to the jury stating defendants theory of case examined and held not prejudicial.

**12. Damages. Punitive damages always a question for jury.**

In Tennessee, punitive damages cannot be claimed as a matter of right, but is always a question for the jury and within its discretion, no matter what the acts are; Provided, of course, that the facts upon which such damages are sought are averred and proved, although they need not be demanded by that name.

**13. Damages. Verdict of $4,000 for personal injuries not excessive.**

In an action to recover damages for personal injuries caused by collision of automobiles, when plaintiff received three broken ribs, injuries to her hips and was in hospital eleven days, and evidence further showed defendant on a "joy ride" a verdict of $4,000 held not excessive.

Appeal in Error from Circuit Court, of Hamilton County, Hon. Oscar Yarnell, Judge.

Affirmed.

Jno. H. Early, of Chattanooga, for plaintiff in error, Davis.

Ford & Bryan, of Chattanooga, for defendant in error, Mrs. Farris.

CROWNOVER, J. This was an action for damages for personal injuries caused by an automobile collision, in July, 1922, on the Harrison pike leading from the town of Harrison to the city of Chattanooga, in Hamilton county. The accident occurred at about 11 o'clock at night, about one mile south of Harrison, when the plaintiff below and her husband were returning home from Harrison, where they had attended an ice cream supper given by the Eastern Star organization. The car in which the plaintiff below was riding when the collision occurred was being driven by her husband, and as a result of the collision plaintiff's said car was overturned and she sustained serious injuries.

As a result of this collision two actions were instituted in the lower court, one by this plaintiff for $5,000 damages, and the other by her husband, S. A. Farris, for $15,000 damages. By agreement

T. A. Vol. I—10.

they were both tried together and at the same time. The jury returned a verdict in favor of the defendant in the husband's case, and returned a verdict for $4,000, in favor of Mrs. Farris.

There were four counts in her declaration. In the first count, she alleged that defendant below negligently failed to keep a proper lookout ahead and drove his car against the car in which she was riding, overturning it, thus inflicting the injuries. In the second count, she alleged that the defendant below was driving at a dangerously high rate of speed in excess of 20 miles per hour, in violation of Chapter 173 of the Acts of 1905. In the third count, that the defendant below drove his car at a high and reckless rate of speed with glaring head-lights and negligently failed to dim his said lights, as was usual and customary on meeting other cars on the highways, and drove into her said car when it was on the right side of the road. In the fourth count, that the defendant below was under the influence of intoxicating liquor while driving in violation of Chapter 21 of the Acts of 1917.

The defendant pleaded not guilty.

The case was tried by the Judge and a jury, and resulted in a verdict and judgment for $4,000, in favor of the plaintiff below. A motion for a new trial was overruled and the defendant appealed in error to this court and has assigned the following errors:

First: There is no evidence in this record to support the verdict of the jury.

Second: The verdict of the jury in favor of the plaintiff is so excessive as to indicate passion, prejudice, caprice and want of respect for the rights of defendant.

Third: That the court failed to charge that if the plaintiff rode with her husband knowing that he was physically unable to drive and control the car, she was guilty of contributory negligence, that would bar a recovery.

Fourth: That the court erred in charging the jury that if it believed from the evidence that an ordinarly prudent person operating a machine at night would dim his lights and that a custom prevailed in that section of dimming the lights on meeting other automobiles traveling in the opposite direction it would be the duty of the defendant to observe this custom, if he knew of the custom, and if he failed to do so he would be guilty of negligence; and if this negligence was the proximate cause of the collision in which plaintiff was injured then she would be entitled to recover.

Fifth: That the court erred in charging the jury that if the defendant was drunk or partly drunk or if he was under the influence of liquor when driving his car on this occasion, in violation of the statute, then he was guilty of negligence

as a matter of law, and if this was the proximate cause of the collision then the plaintiff was entitled to recover.

Sixth: That the court erred in charging the jury as follows: "And if you conclude from the evidence in these cases gentlemen, that the collision was caused solely by the negligence of Mr. Farris, that his negligence was the sole cause of it, then Mrs. Farris is not entitled to recover, but if you conclude from the evidence that this collision was caused, that this accident was caused partly by the negligence of the drivers of both cars, that is, the defendant and Mr. Farris then Mrs. Farris is entitled to recover of this defendant, although her husband may have been guilty of such negligence as would bar his right, unless she herself had been guilty of such contributory negligence as proximately contributed to bring it about."

Seventh: That the court erred in a repetition of the theory of the plaintiff below, in such eloquent terms as to prejudice the jury against the defendant."

After a careful examination of the record we are satisfied that there is nothing in the first assignment of error. The plaintiff and her witnesses testified that she and her husband were returning home in a Ford car, after attending an ice cream supper, at about 11 o'clock at night, and while driving down the Harrison pike they saw the defendant below, approaching in a large Buick car, running at a rapid rate of speed from 25 to 40 miles per hour; that he had brilliant, dazzling head-lights which were not dimmed on approaching them, that her husband drove to the right side of the road and brought his car almost to a stop, when the defendant ran into their car up-setting it and injuring the plaintiff. The proof further showed that the defendant although a married man, had some girls in his car out "joy riding" and had the odor of liquor on his person.

The defendant and some of his witnesses denied these things, and he insists that he was driving at a slow rate of speed, that the plaintiff and her husband approached him from around a curve, and that the plaintiff's husband, who was driving, was afflicted with rheumatism and was unable to control his car, and instead of turning to the right as he should have done, he continued on across the roads, and ran into defendant's car. The defendant also insists that the marks made by the wheels of the car in the highway showed that the Farris car was on the wrong side of the road at the time of the collision, and that other witnesses examined the location next morning and saw blood and oil and broken glass in the pike on the left side going towards Chattanooga, which showed that the Farris car was on the wrong side of the road when the collision occurred.

The defendant also insists that the physical facts bear out his

contention, in that, the front of defendant's car was not injured or touched in any manner, and that the Farris car had hit his car on the side and had torn off his running board and rear fender, that the Farris car had mounted his rear fender after stricking the running board and was overturned; that the wind-shield of the Farris car was broken and that the glass of the wind-shield was broken, that oil out of its engine was on the pike, and that the blood stains from the wounds received by the plaintiff and her husband, all were on the left hand side of the pike going towards Chattanooga, thus showing that the Farris automobile was on the wrong side of the road.

But Mrs. Farris and several of her witnesses testified that the Farris car was on the right hand side of the road when the collision occurred, and that the defendant's car was on the wrong side of the road. It is hard to tell, by an examination of the record after an accident has occurred, just how the accident did occur. It is possible that some part of the Buick car caught in the front of the Ford car, jerked it around and caused it to upset on the other side of the road. In fact, if the front wheels of the Buick car were turned to the extreme right just an instant before the collision it is possible that its front would not be damaged. But anyway, the facts appearing in this record make it a typical case for a jury to pass upon the credibility of witnesses. The jury has by its verdict resolved all of the conflicts in favor of the plaintiff below, and the verdict has met with the approval of the trial judge.

It is elementary, that if there is any material evidence to sustain the verdict, our court will not reverse the judgment. See Chattanooga Machinery Company v. Hargroves, 3 Cates, 476.

"In order to impeach a verdict successfully on the ground that there was no evidence to sustain it, the complaining party must take as true the strongest legitimate view of the testimony against him, and show that it affords no support of the finding of the jury." See Citizen Rapid Transit Company v. Seigrist, 12 Pickle, 124-5, Chattanooga Machinery Co. v. Hargrove, 3 Cates, 476; Gary v. Powell, 8 Hig., 365; Smith v. Tate, 143 Tenn., 268; Fairbanks-Morse Co. v. Gambill, 142 Tenn., 633.

The second assignment of error as to the excessiveness of the verdict, will be hereinafter discussed.

The third and sixth assignment of error will be treated together, as they both go to the contributory negligence of the plaintiff below. By the third assignment of error it is insisted that the plaintiff below knew that her husband had rheumatism and nervous trouble, and was not in a physical condition to drive and control the car at the time of the accident and that she was therefore guilty of contributory negligence, which should bar her recovery.

Negligence may be predicated on the fact that the owner of a machine permitted it to be run by a driver who was crippled so that he could not properly operate the car or use the foot brake efficiently. See Huddy on Automobiles (7 Ed.), 357; Bowman v. Marler, 8 Hig., 632. But we do not think there is anything in this contention, as the proof shows that her husband had driven cars for five or six years and was a safe, cautious driver and that, while he had suffered with rheumatism, he was able to drive and control his car on the pikes and on the streets in and about the city of Chattanooga.

By the sixth assignment of error, it is insisted that the court's charge on this point was erroneous, in that, he charged the jury that if this accident was caused partly by the negligence of the drivers of both cars, the plaintiff below was entitled to recover, although her husband might have been guilty of such contributory negligence as would bar his recovery, if she had not herself been guilty of negligence that proximately contributed to bring it about. There is no error in this paragraph of the charge, it contains a correct statement of the law as far as it goes.

"Where there were two causes which proximately contributed to the injury, for only one of which defendant was responsible, and with the other of which neither he or the plaintiff was chargeable, still the defendant must be held to answer for the injury inflicted." See, Tennessee Turnpike Company v. English, 139 Tenn., 634; Nashville v. Patton, 2 Hig., 515, 536.

But the court correctly charged the jury on this question in other parts of his charge. In one place he stated to the jury:

"Now, there is a different rule that applies in Mrs. Farris's case. She is required to exercise reasonable care for her own safety, such a degree of care as would be expected of an ordinarily prudent person, situated as she was. Now if the evidence shows that she was not in control of the car, but was merely riding in it as a passenger with her husband—if you conclude that he was guilty of negligence—will not be attributed to her. But she is expected to exercise reasonable care, that degree of care that would be expected of an ordinarily prudent person situated as she was under the circumstances.

"Now if she says that her husband did not have his machine under control; if she knew that he was violating the statute as to the speed limit; if she saw or knew that he was not exercising reasonable care in the operation of his machine, then it would be her duty to exercise that degree of care that would be expected of an ordinarily prudent woman situated as he was, by calling his attention to it, if an ordinarily prudent women would be expected to do that under the circumstances,

and if she failed to do that, she is guilty of contributory negligence, and if her contributory negligence proximately contributed to bring about that collision, proximately contributed to bring about her injuries, or proximately concurred or combined with the negligence of the defendant—if you conclude that the defendant was guilty of negligence—and this caused the accident, she cannot recover,'' etc.

Then followed the paragraph complained of in the sixth assignment.

These paragraphs, when taken together, state the law as far as they go. If the defendant had desired further instructions on this question he should have requested the court to so charge, and in the absence of a request, the trial court cannot be put in error. However, the proof shows that the plaintiff was sitting beside her husband and was looking down the road. She saw the defendant driving at a rapid rate on the wrong side of the road and she said to her husband: ''Look out he is going to run into you.'' Her husband pulled over on the right as close as he could go, and his car was slowed down when the accident occurred.

The question of whether the wife was guilty of contributory negligence while riding with her husband is one for the jury. See Mayor and City Council v. Patton, 2 Hig., 515; Tenn. Central R. R. Co. v. Vanhoy, 143 Tenn., 312. It results that these two assignments of error must be overruled.

The fourth assignment goes to the charge of the court as to the duty of a driver to dim his headlights at night on approaching another traveler going in the opposite direction. The trial judge charged, in substance, that if there was an established custom or usage, known to the defendant, of dimming the lights on meeting automobiles traveling in the opposite direction, and if an ordinarily prudent man would be expected to observe this custom, if his failure to do so proximately caused this collision in which the plaintiff was injured, then she would be entitled to recover.

The proof showed that this custom was established and was in general use, and was known to the defendant, and that the defendant approached, at a rapid rate of speed from 25 to 40 miles per hour, with glaring headlights which he failed to dim. However, the defendant denied these things, and stated that he was driving from 8 to 10 miles per hour on the right side of the road, and that his car was equipped with dimmers, then in use.

''While it may be negligence for a driver of an automobile to permit the bright lights on his car to obscure or obstruct the vision of the driver of another car on the public highway, yet this does not relieve the driver of the other car of the duty to exercise due care required by the circumstances, and even to stop

if that is reasonably required to avoid injury to persons who may lawfully be on the road but whose presence is not known to the .driver because of the blinding lights on another vehicle then approaching." See Mathers v. Botsford (Fla.), 32 A. L. R., 881, (97 So. 282).

This same rule has been upheld in Tennessee, in the case of Knoxville Railway and Light Company v. Vangilder, 132 Tenn., 487. In the latter case this question and also the question of whether the negligence of the driver was imputable to his wife, so as to bar her right to recover for her own injuries, were discussed. It was held in that case that such negligence was not imputable to her where it did not appear that the danger was obvious or known to her, and that she did not rely on the assumption that her husband would exercise care and caution. However, in the present case there was nothing else that the wife could have done in the emergency presented which would have altered the situation.

The question of the non-observance of a custom or a usage as constituting negligence has always been a vexatious one for the courts, and the subject has been ably discussed by Mr. Thompson in his work on Negligence. He says:

"It is very hard to extract any well defined or satisfactory rule from the decisions which speak upon this question. A general custom of the persons or corporations engaged in a given business, to conduct that business in a given way and with given means, would seem to afford the most satisfactory evidence in support of the conclusion that they were conducting it with oridinary care. But when we come to consider that the standard demanded by law is not the ordinary care of men generally, but the ordinary care of prudent men, engaged in a particular employment or specialty, we must conclude that a custom which admits of a lower standard of care is a bad custom. If we recur to the principle that no custom will be allowed to effect the rights of parties which is either unlawful or unreasonable, and that the question of lawfulness or reasonableness of a custom is, in every case, a question of law for the court,— we must conclude that, in every case where a custom is appealed to for the purpose of determing whether or not a party acted with reasonable care, skill and diligence, there is a preliminary question for the judge to determine, namely, whether the custom shall be allowed so to operate." See, 1 Thompson on Negligence (2 Ed.), Secs. 30-32.

But, Mr. Thompson is here discussing the question of whether such customs would exempt one from the consequence of his negligent conduct upon proof that he proceeded in the usual manner and took the usual course pursued by those similarly situated, although

the other person was without notice of such custom, and it had no application to well established customs or usages in general use known to the defendant.

In fact the rules of the road, in the absence of a statute, are nothing but customs that have grown up in this country and are so generally known that every one is presumed to know them. See, Huddy on Automobiles (7 Ed.), Secs, 286-288. Hence, we are of the opinion, that the non-observance of an established custom or usage in general use, known to the defendant, may be such negligence as renders the owner or operator of an automobile liable in damages for injuries if such negligence was the proximate cause of the injuries. See Chattanooga Machine Co. v. Hargraves, 111 Tenn., 476; Coal Co. v. Bennett, 8 Hig., 210; Brick Co. v. Dotson, 8 Hig., 218.

Therefore, we are of the opinion that the establishment of this custom and the non-observance thereof by the defendant is a question for the jury under proper instructions of the court, and hence this assignment is overruled.

The fifth assignment of error goes to the judge's charge as to the defendant's driving the car while under the influence of intoxicating liquor, in which the judge instructed the jury that if the defendant was driving while under the influence of liquor on this occasion he was guilty of negligence as a matter of law and if that proximately contributed to the collision then the plaintiff was entitled to recover. This taken in connection with the balance of the charge was correct, and if the defendant had desired fuller instruction he would have so requested. There was some proof that witnesses smelled liquor when around the defendant immediately after the collision, and taking into consideration the speed at which he was driving and the company of "joy riders" with whom the defendant was associating at the time of the collision, the jury evidently decided that the defendant was under the influence of intoxicating liquor.

Where the driving by one under the influence of intoxicating liquor is forbidden by statute, it may be said to be negligence per se. See Huddy on Automobiles (7 Ed.), 357; Babbitt on Motor Vehicles (3 Ed.), 1425.

The violation of a statutory duty is negligence per se, and if the injury is the proximate result or consequence of the negligent act there is liability. See Wise Co. v. Morgan, 101 Tenn., 273; Queen v. Dayton Coal Co., 11 Pickle, 458; Chattanooga Station Co. v. Harper, 138 Tenn., 562. Hence, in the absence of a request for further instructions this assignment must be overruled.

By the seventh assignment of error, the defendant excepts to that part of the charge of the court which sets out the plaintiff's theory, and he insists that it is a repetition set in such eloquent terms that it prejudiced the jury against the defendant.

We have carefully read over the charge to the jury and especially this part complained of. We have also read over the record and are constrained to hold that it does not include anything not insisted upon by the plaintiff below; and, after an investigation of the record, we think plaintiff's contention was borne out by the record. By an examination of the charge it will be seen that this part complained of is not a repetition of the plaintiff's theory. In fact the trial judge was merely stating the plaintiff's theory, and immediately following this, the trial judge set out the theory of the defendant in equally as eloquent and pointed terms, and told the jury that if they believed the defendant's theory, then their verdict should be for the defendant. So, we see no objection to this paragraph complained of, and this assignment of error is therefore, overruled.

We have deferred a discussion of the second assignment of error until the last, as it was necessary to pass on all of the other propositions before treating this one. This assignment is, that the verdict is so excessive as to indicate passion, prejudice, caprice and want of respect for the rights of defendant.

We have carefully examined the record on this point. The evidence shows that the plaintiff below was severely injured in the hips, side, shoulders, elbow and arm, from which she suffered great pain. Three ribs were broken or fractured, but she suffered most with her hips, although an X-ray examination failed to show that her hips had been fractured. She was in the hospital eleven days, and was on crutches for six or seven weeks. The proof does not show whether her injuries were permanent, except inferentially. The averments of the declaration and the proof are sufficient to sustain punitive damages. The defendant was on what is sometimes termed "a joy ride," and was driving on the wrong side of the road, at a rate of 25 to 40 miles per hour, with glaring headlights, and the jury evidently thought that he was under the influence of liquor at the time the accident occurred. His acts, in driving under such circumstances, were so reckless and in such total disregard of human life as to amount to gross and wanton negligence.

In Tennessee, punitive damages cannot be claimed as a matter of right, but is always a question for the jury and within its discretion, no matter what the facts are (Railroad v. Satterwhite, 112 Tenn., 185; 17 Corpus Juris, 971-3); Provided, of course, that the facts upon which such damages are sought are averred and proved, although they need not be demanded by that name. 17 Corpus Juris, 1005, 1041; Railroad v. Ray, 101 Tenn., 1.

We think that "joy riders" who drive while under the influence of liquor and who violate the speed laws and drive on the wrong side of the road in violation of the rights of others are a menace to the traveling public, and, in so far as possible, the traveling public should be protected.

The plaintiff was guilty of no wrong, she and her husband were traveling along the highway, where she had a right to be, and, in so far as this record shows, she was not guilty of contributory negligence.  Her injuries were many and she suffered much pain.

The jury is the exclusive judge of the amount of damages, under proper instructions of the court.  The jury has passed upon the damages and we are satified with its findings; hence, this assignment of error is overruled.

It results that all of the assignments of error must be overruled and the judgment of the lower court, affirmed.  The costs of the appeal are adjudged against plaintiff in error and his sureties on the appeal bond, for which execution may issue.

All concur, except Clark, J., absent.