## HOMER TININ v. DOCK SINER.

Middle Section. November 3, 1928.

Haggard & Haggard, of Waynesboro, for plaintiff in error, Siner.
Frank Boyd, of Waynesboro, for defendant in error, Tinin.

CROWNOVER, J. This action is not styled correctly. It should be styled Dock Siner, plaintiff in error, against Homer Tinin, defendant in error, as Tinin recovered a judgment in the lower court, and Siner has appealed in error.

This action was brought by Tinin to recover damages for injuries received by a horse colt in a collision with a Ford car driven by defendant Siner on the public highway at night. As a result of the injuries the colt had to be killed. The action was originally brought before a Justice of the Peace on a warrant which summoned the defendant Siner to appear before the Justice of the Peace "to answer the complaint of Homer Tinin, in an action for damages for one horse colt to the amount of $50, for recklessly and neglectfully running into the said colt under $250." The action was decided in favor of the plaintiff and was appealed to the circuit court, where it was tried by the judge and a jury and resulted in a verdict and a judgment for the plaintiff below in the sum of $25 and costs. Motions for directed verdict at the conclusion of plaintiff's evidence and at the conclusion of all the evidence, were overruled, and the jury returned a verdict for the plaintiff for $25. The defendant's motions for a new trial and in arrest of judgment having been overruled, he appealed in error to this court, and has assigned many errors, which, when summarized are, in substance, that the trial court erred:

(1) In refusing to direct a verdict for the defendant at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence, as there was no evidence to support the verdict.

(2) In charging the jury that if the defendant was driving the car at a rate of speed in excess of twenty miles an hour, when the collision occurred, and it was the proximate cause of striking and injuring the colt, the defendant would be liable, this part of the charge being upon the theory that where the injury resulted

from a collision with an automobile while being driven at a rate of speed in excess of twenty miles an hour, the driver was chargeable with negligence as a matter of law.

(3) In overruling defendant's motion in arrest of judgment because the warrant or summons did not state a cause of action and failed to give the defendant reasonable notice of the nature and character of the demand which he is called upon to answer.

The facts necessary to be stated are that the plaintiff below, Tinin, on November 12, 1927, drove his wagon and team from Waynesboro to Clifton and permitted the colt of one of the mares driven to run loose and follow behind. On the way at 6:30 p. m., near the home of Illa Stricklin, he met and passed the defendant Dock Siner, a colored boy, who was driving a Ford car, in company with others, and when Siner had gone about seventy-five yards beyond plaintiff's wagon, while running at thirty-five miles per hour, he struck plaintiff's colt, injuring it so severely that it had to be killed, and this action resulted.

After an examination of the record we are of the opinion that the trial court did not err in refusing to direct a verdict for defendant, as there was material evidence to support a verdict. There was proof that the defendant Siner while intoxicated or under the influence of liquor, drove his care at a rapid rate of thirty-five miles per hour at the time that the collision occurred. The defendant and his witnesses say that he was driving at the rate of five or six miles per hour when the colt jumped out from behind the wagon which resulted in the collision, and that the accident was unavoidable; whereas the plaintiff's witnesses testified that the defendant was driving at the rate of thirty-five miles per hour and that the plaintiff's colt was following seventy-five yards behind in the road when the collision occurred, and that he could or should have seen the colt as the road was straight for some distance where the collision occurred, and that the colt did not jump out from behind the wagon. The jury has resolved the issues in favor of the plaintiff's contention and we are bound by it.

Driving while intoxicated is negligence per se. See Davis v. Farris, 1 Tenn. Apps., 144.

Driving at a rapid rate of speed in violation of the statute regulating speed limit is negligence per se, and if the proximate cause of the injury, renders the defendant liable. See Saucier v. Roberts, 2 Tenn. Apps., 211; Queen v. Dayton Coal & Iron Co., 95 Tenn., 458, 32 S. W., 460; Riden v. Grimm Bros., 97 Tenn., 220, 36 S. W., 1097; Railway v. Haynes, 112 Tenn., 719, 81 S. W., 374.

By the Act of 1925, Chapter 132, which amends the Act of 1905, chapter 173, driving automobiles at a rate of speed in excess of thirty miles per hour is prohibited.

It is not negligence as a matter of law for the driver of an automobile to collide with stock. To recover the plaintiff must show that the party was guilty of negligence or was violating the law. Stacy v. Keller, 1 Tenn. Apps., 80. But where the party sees or should have seen a loose horse approaching he must anticipate that the horse is likely to try to cross in front of his car. See Carter v. Fritts, 2 Tenn. Apps., 410.

Of course where the defendant introduces evidence he waives his motion for peremptory instructions made at the close of the plaintiff's evidence. See Rhoton v. Burton, 2 Tenn. Apps., 164. But as above stated we think his motions for a directed verdict were not well made as there was material evidence to support a verdict, hence the assignments on these propositions must be overruled.

We think the court erred in charging, in effect, that driving at a rapid rate of speed in excess of twenty miles per hour was in violation of the statute and was negligence per se, as the statute prohibits driving in excess of thirty miles per hour, but we think in this case it was harmless error, as the plaintiff's proof tended to show that the defendant was driving thirty-five miles an hour when the collision occurred. Whereas the defendant's proof tended to show that he was driving at the rate of five or six miles an hour, and there was no proof in the record that the car was running twenty miles an hour or at any rate of speed other than the contentions mentioned above. The jury had to take the plaintiff's or the defendant's evidence as true and could not speculate as to the rate of speed where there was no evidence; hence we cannot see that the defendant was prejudiced by the charge, and the assignments of error on these propositions must be overruled.

We are of the opinion that the trial court did not err in overruling the defendant's motion in arrest of judgment, as we are of the opinion that the warrant contained a general brief statement of plaintiff's cause of action sufficient to give the defendant reasonable notice of the general nature and character of the demand he was called upon to answer and that he was not misled in preparing his defense. See Railroad v. Flood, 122 Tenn., 56, 113 S. W., 384; Nichols v. Turnpike Co., 128 Tenn., 541, 162 S. W., 588; Railroad v. Williamson, 137 Tenn., 152, 192 S. W., 385; Stowers v. Ware, 3 Hig., 431; Rosenbaum v. Herron, 5 Hig., 630; Banking Co. v. Banking Co., 6 Hig., 127; Railroad v. Wheeler, 1 Tenn. Apps., 100, 110.

The Supreme Court stated in the case of Nichols v. Turnpike Co., supra, that the reasoning underlying actions for damages arising out of torts is not applicable in actions before a Justice of the Peace which are based on contracts or transactions giving rise to indebtedness, as by note or account in respect of which the defendant

256

may fairly be assumed to have had knowledge, and therefore not to be left without notice of that which he is called to answer.

The time and place were not averred in the warrant in the Williamson case, and the averment of the warrant in the case of Railroad v. Wheeler, supra, is not any more specific than the warrant in the instant case, as the warrant in that case stated that the defendant was summoned to answer "in an account for damages for wrongfully causing a washing and flooding of his crops under $500."

The rule deducible from the foregoing cases is that any irregularities in a Justice of the Peace warrant which is not void, are cured by the verdict.

In the instant case the defendant was summoned to appear and answer the action for $50 damages for "recklessly and neglectfully running into the horse colt." We think this states a cause of action and gives the defendant reasonable notice. He was not in any way misled, as counsel for each side was called upon to state the cause of action and the defenses before the introduction of testimony, which was done as in the case of Utley v. Railroad, 106 Tenn., 242, 61 S. W., 84, and while such statements could not cure the defects if any in the warrant (Railroad v. Flood, supra), yet the statement shows that the defendant was not taken unaware. It results that the assignments of error on this proposition must be overruled.

All the assignments of error having been overruled, the judgment of the lower court is affirmed. A judgment will be entered in this court in favor of Tinin against Siner for the $25, and interest thereon from March 27, 1928, to the present, and the costs of the cause, including the cost of the appeal, for all of which execution may issue.

Faw, P. J., and DeWitt, J., concur.