RICE BROS. AUTO CO. v. ELY (two cases).—178 S. W. (2d) 88.

Eastern Section.   November 2, 1943.

Petition for Certiorari denied by Supreme Court, February 5, 1944.

C. A. Noone, of Chattanooga, for plaintiff in error.

Berke & Fleming, of Chattanooga, for defendants in error.

HALE, J. Suit was brought to recover damages for personal injuries sustained by Mr. and Mrs. Ely when struck by an automobile owned by Rice Bros. Auto Co. and driven by their salesman, Faircloth. The principal question arises under respondeat superior.

This is the second time this case has been before us. At the first trial in the lower court a verdict was directed for defendants at the close of plaintiffs' proof. In an opinion rendered by this court on May 5th, 1942 (petition for certiorari denied Oct. 3rd, 1942), which is reported in 167 S. W. (2d) 355, 358, it was held the trial court was in error; that plaintiffs' proof was sufficient to take the case to the jury, and the case was remanded. On the second trial the jury found the issues for plaintiffs. No question is made as to the amount of the verdict.

The defendant's motion for a new trial being overruled it has perfected an appeal in the nature of a writ of error and say their assignments of error raise four questions:

"1. Was Faircloth, at the time of the accident, an agent or servant of the defendant and then and there engaged in the course of his employment?

"2. Was Faircloth an independent contractor?

"3. Were the plaintiffs guilty of proximate contributory negligence?

"4. Was the jury guilty of such misconduct as to require a new trial?"

The first and second propositions are foreclosed against the plaintiff in error by the verdict of the jury. On such former appeal the evidence for the plaintiffs was analyzed and sifted. It was held that whether or not Faircloth was the servant of the automobile company, and whether or not he had deviated from his employment, were questions for the jury. On the second trial the learned trial judge held the evidence for the plaintiffs was substantially the same as upon the first trial. A reading of the record in the light of such former opinion seems to sustain this holding.

The plaintiffs were forced to "plow with the heifer" of their adversary by using Faircloth as their witness. He testified as to his duties, the fact that he had been to see a prospective customer, and that he was on his way home when the accident occurred. All of this is set out in the opinion of Judge McAmis in 167 S. W. (2d) supra. On the second trial the defendant offered evidence contradicting Faircloth in the greater part of his testimony. But this made a jury question. The verdict has been approved by the trial judge, and is conclusive in this proceeding.

As was said by the Supreme Court in an analogous case:

"Whether or not insured was in sound health at the time this policy was reinstated is not now an open question. On the former hearing in the Court of Appeals, that Court found evidence sufficient to take this issue to the jury for determination. The evidence on the first trial and the evidence on the second trial is said by the Court of Appeals to be substantially the same and this finding is not challenged by defendant Company. The former opinion of the Court of Appeals was the law of the case on the second trial, and the evidence being the same, the circuit judge could not have done otherwise than to submit this issue of sound health to the jury and the jury found for the plaintiff." Life & Cas. Ins. Co. v. Jett, 175 Tenn. 295, 299, 133 S. W. (2d) 997, 998.

Altho we have been favored with a brief showing unusual ability and research we think the law of the case is that made on the former hearing; and that the verdict of the jury on the facts is conclusive. This establishes the status of Faircloth and the liability of the plaintiff in error.

It is next said that plaintiffs below were guilty of contributory negligence as a matter of law. This defense was made by amendment at the second trial, consequently was not before this court on the former hearing.

■ The accident occurred about 8 P. M., on April 6th, 1941, when Mr. and Mrs. Ely were about to board a street car. They had been standing at the customary place a few seconds waiting for the approaching street car. They were near the middle of the street. Faircloth had about 25 feet clearance. Altho they were standing under a street light and also within the range of the lights of the street car, they were not seen by Faircloth nor did they see him. On cross-examination of the arresting

officer the defendant company proved Faircloth to have been "pretty badly drunk." It is thus established that Mr. and Mrs. Ely were injured while standing at a place they had a right to be, by an automobile owned by the defendant company, driven by its servant on its business while he was in a drunken condition. It would shock the conscience to say that their failure to note the approach of Faircloth would be such negligence as would as a matter of law bar Mr. and Mrs. Ely from recovering. Cases cited with reference to the liability of railways where persons on their tracks failed to see the lights of an approaching engine have no application. Trains must run on their tracks and their size and weight may make it impossible to stop them in certain distances. But if an engine was being driven by a drunken engineer we do not suppose the court would have any great difficulty in branding such an act as gross negligence.

■ Driving while drunk is an act malum in se, highly criminal, fraught with danger and evinces such entire want of care and indifference to results as to constitute wanton negligence. This would preclude the defense of contributory negligence. Consolidated Coach Co. v. McCord, 171 Tenn. 253, 102 S. W. (2d) 53.

While we do not believe that the mere failure of the Elys to observe an automobile at a time when their attention was centered upon entering the approaching street car would constitute negligence as a matter of law, we desired to point out that peremptory instructions could not have been given even tho the plaintiffs were guilty of contributory negligence.

■ The fourth "main question" goes to the alleged misconduct of the jury. Three of the trial jurors filed affidavits indicating they allowed compensation for their

injuries, and, in addition, an attorneys' fee; that allowance was made for damages to clothing, altho no proof was offered thereon; and that they discussed insurance, saying it mattered not how large their verdict since it would be paid by an insurance company. On the motion for new trial the remaining nine jurors testified that none of these things occurred. The three affiants were present but did not testify. The trial judge found against the allegation. It is manifest that we are bound by his finding.

The remaining assignments are set on a minor key and are but faintly pressed. They relate to the charge. We have examined them and find them without merit. The charge substantially embraced the law of this case as made on the former hearing.

It results that all assignments are overruled and the judgment below affirmed with cost and interest.