**WATSON, for Use and Benefit, et al. v. SOUTHERN BUS LINES, Inc.**

**No. 11187.**

United States Court of Appeals
Sixth Circuit.

Jan. 29, 1951.

Hughie Ragan, Jackson, Tenn., for appellant.

Pierce Winningham, Jr., Jackson, Tenn. (Waldrop, Hall & Winningham, Jackson, Tenn., on the brief), for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

These consolidated cases arise out of an automobile accident which occurred on a public highway between Bolivar and Jackson, Tennessee, about midnight October 8, 1949. The appellee's bus, which was proceeding north, ran into a horse on the highway. With the help of a truck driver, the bus driver removed the horse to the right shoulder of the road. The bus then

pulled out upon the right shoulder. Its front wheels were entirely off the highway, but its rear wheels occupied part of the east lane of the road. An automobile driven by Tee Kelly in which Mrs. Cedell Watson was a guest was flagged at the rear of the bus by the bus driver and stopped; a second car, driven by Leroy Overton, stopped in the rear of the Kelly car. A third car, driven by Cecil Roark, ran into the rear of the Overton car and pushed it against the Kelly car. As a result, Roark and Mrs. Watson were killed, and the wife and husband respectively sue on behalf of themselves and their minor children.

Section 2690 (a) of the Tennessee Code 1934, forbids parking a vehicle on the main traveled portion of a highway when it is practicable to park upon the shoulder. In such case a space of not less than 15 feet must be left on the main traveled portion of the highway for the free passage of vehicles, and a clear view of the parked vehicle must be given for at least 200 feet in each direction. Section 2695, Tennessee Code 1950, Supplement to Vol. III, p. 21, provides that during the time when lights are required warning devices or flares shall be placed to the rear of any disabled motor vehicle 100 feet in the direction of traffic and that if the motor vehicle is disabled within 300 feet of the crest of a hill, the flare in that direction shall be placed at approximately 300 feet from the disabled motor vehicle. Appellee does not contend that these statutes do not apply, and violation of them is negligence per se. Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 178 S.W.2d 756.

The District Court directed a verdict in favor of the appellee on the ground that the accident resulted from the sole negligence of Roark, driver of the third car; that an intervening independent cause produced the injury; that Roark was driving at night without keeping his car under control, and so fast that he could not avoid obstructions within the distance disclosed by his lights; and hence under the rule of West Construction Co. v. White, 130 Tenn. 520, 172 S.W. 301, no question was presented for the jury.

It is shown by positive evidence that Roark approached the scene of the accident at the rate of 40 to 45 miles per hour, that he came over the crest of a small hill or rise about 100 feet from the bus, and that he struck the Overton car some 50 feet from the bus. Witnesses stated that there was ample room for the bus to get completely off the highway, that the shoulder was in good condition and not "slick." It was conceded that the bus driver flagged the first car and did not flag it to go by and that thereafter the bus driver ceased to direct the traffic.

Appellee concedes that evidence was introduced to the effect that the bus occupied about one-half of the east lane of the highway; that there were no flares or fusees at any place on or adjacent to the highway; and that at the time Roark's car arrived at the scene there were moving cars with blinding lights on the west lane of the highway. Evidence on these points was conflicting, but positive testimony exists as above stated.

Bearing in mind the established rule that on motion for directed verdict the evidence must be considered in the light most favorable to the appellant, Poole v. First National Bank of Smyrna, 29 Tenn.App. 327, 336, 196 S.W.2d 563; Provident Life & Accident Ins. Co. v. Prieto, 169 Tenn. 124, 136, 83 S.W.2d 251; Osborn v. City of Nashville, 182 Tenn. 197, 201, 185 S.W.2d 510, we think that the trial court erred in taking the case from the jury. West Construction Co. v. White, supra, relied on in the ruling, was adjudicated in 1914, prior to the enactment of the statutes of Tennessee in force at the time of this accident, as to parking on highways, creation of obstructions on highways, and the requirements for placing flares and torches on the highway when disabled busses and trucks are required to stop. Sections 2690 and 2695, Tennessee Code. The Supreme Court of Tennessee in Main Street Transfer & Storage Co. v. Smith, 166 Tenn. 482, 63 S.W.2d 665, 667, declared that in cases subsequent to the White case the rigor of the rule therein announced "was relaxed, or its application denied". The court held that exceptional

circumstances will render the rule of the White case "inapplicable, as contrary to the practice and experience of persons of ordinary caution and prudence." In Main Street Transfer & Storage Co. v. Smith, the Supreme Court of Tennessee refused to follow the White case and reversed the Tennessee Court of Appeals, holding that the questions there presented were to be submitted to the jury. The court cited and held inapplicable a number of the leading decisions relied on by appellee herein, and discussed with approval Huntsman Bros., Inc., v. Grocers Baking Co., 12 Tenn. App. 535. In the latter case evidence was presented that the lights of an approaching automobile prevented the plaintiff from seeing an unlighted parked truck until too late to avoid a collision. To the same effect is Faulk v. McPherson, 27 Tenn.App. 506, 517, 182 S.W.2d 130. We think the evidence here as to the existence of blinding lights on automobiles approaching Roark in the left line of traffic, the hilly character of the country and as to the presence of fog, reveals exceptional circumstances taking this case out of the line of decisions controlled by West Construction Co. v. White, supra.

■ Moreover, the Tennessee courts hold that the presence of an independent intervening cause will not destroy a causal connection between the original negligence and the injury if the intervening cause might reasonably have been anticipated. Cartwright v. Graves, 182 Tenn. 114, 134, 184 S.W.2d 373. As there stated, a joint tort-feasor is not absolved by the conduct of others jointly responsible. If appellee's negligence proximately contributed to the result, it can not avoid liability on the ground that other factors also contributed. The statutes cited above were enacted in order to avoid just such congestion of traffic as arose in this case. It was a question of fact for the jury whether Roark was negligent, and if so, whether his negligence was the sole cause of the accident; whether the bottleneck at the back of the bus might reasonably have been anticipated by appellee's driver; and whether the bus driver could have foreseen that when he flagged one automobile and then ceased to direct traffic just such an accident might occur. Roark had a right to rely upon the observance of the Tennessee law with reference to the placing of flares and the creation of obstructions on the highway. Inter-City Trucking Co. v. Daniels, supra. Cf. Tidwell v. Lewis, 6 Cir., 174 F.2d 173. Reasonable minds might differ as to whether Roark, coming over the crest of a hill or rise at not illegal speed, with lights in good order and with traffic coming on the left with blinding lights, and with no proper warning by flares or flagging, was guilty of negligence in being unable to stop in time to avoid this accident. It was a question for the jury whether appellee was guilty of wanton negligence as charged. If so, the possible contributory negligence of Roark was no defense. Inter-City Trucking Co. v. Daniels, supra; Rice Bros. Automobile Co. v. Ely, 27 Tenn. App. 81, 178 S.W.2d 88. In any case the negligence of Roark, if it existed, can not be imputed to Mrs. Watson. The circumstance that Mrs. Watson had left the car in which she was riding and was killed while attempting to reenter it is immaterial. It is a question for the jury whether this result might not also have been anticipated by appellee's driver.

■ Appellee contends that the accident was in no way foreseeable; but the particular harm need not be foreseeable. It is enough if some harm of a like general character is foreseeable. Spivey v. St. Thomas Hospital, 31 Tenn.App. 12, 28, 29, 211 S. W.2d 450; Johnson v. Kosmos Portland Cement Co., 6 Cir., 64 F.2d 193.

This court, construing the Tennessee law has had occasion lately to review somewhat similar cases, and this holding is in accord with our decisions. Jaggers v. Southeastern Greyhound Lines, Inc., 6 Cir., 126 F.2d 762; Holder v. St. Louis-San Francisco Ry. Co., 6 Cir., 172 F.2d 217.

The judgment of the District Court is reversed and the case is remanded for proceedings in accordance with this opinion.