Robert E. Stinson, Petitioner,

*v.*

Fred Daniel, Administrator of the Estate of James Daniel, Respondent.

414 S.W.2d 7.

(*Knoxville,* September Term, 1966.)

Opinion filed March 10, 1967.

Petition for Rehearing Denied April 26, 1967.

FOSTER D. ARNETT, Knoxville, R. B. HAILEY, Sevierville, FRANKLIN PARK, Jefferson City, ARNETT & DRAPER, Knoxville, of counsel, for petitioner.

JOSEPH W. WOLFENBARGER and DANIEL & DANIEL, Rutledge, for respondent.

72

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Fred Daniel, Administrator of the Estate of his son, James Daniel, brought this suit for the death of his son who was killed in a collision between a motorcycle operated by him and an automobile operated by defendant, Robert E. Stinson.

The collision occurrred at the intersection of Highway 92, George Street, and U. S. Highway 11-E in Jefferson City on November 16, 1963, at approximately nine P.M. U.S. Highway 11-E is a four-lane highway running east and west with the lanes being divided by a twenty-foot median. George Street, or Highway 92, is a two-lane highway running north and south. The intersection is controlled by traffic lights. That is, traffic lights are suspended in the center of both intersections of the east and west bound lanes of Highway 11-E and George Street.

The declaration alleged plaintiff's son operated a motorcycle westwardly along U. S. Highway 11-E and that the defendant operated his automobile in an eastwardly direction along Highway 11-E. That plaintiff's intestate was operating his motorcycle in the extreme

right-hand lane of travel proceeding westwardly, and as he was proceeding through the intersection on a green light, defendant turned his car to the left and negligently proceeded into the west bound lane of Highway 11-E in front of the motorcycle of plaintiff's intestate.

The declaration charged defendant was guilty of negligence in operating the automobile without keeping a proper lookout ahead, without yielding the right-of-way, driving while intoxicated and reckless driving.

Defendant entered a plea of the general issue.

J. P. Scarlett, a Jefferson City Policeman, investigated the accident about forty-five minutes after it occurred. He testified when he arrived at the scene he observed the motorcycle at the curb of the right-hand lane of Highway 11-E proceeding westwardly and defendant's automobile parked at the right curb of George Street, one-half block north of the intersection. He found debris in the west bound lane of Highway 11-E. He testified from his investigation the motorcycle was traveling west on Highway 11-E and the defendant's automobile was traveling north on George Street at the point of collision. He found no skid marks made by either vehicle.

There is exhibited to his testimony pictures which show the front wheel and suspension of the motorcycle was damaged and damage to the right door of the automobile.

Mrs. Jennie Collins testified she and her son, Donald, went to within a block of the scene of the accident in his car and parked about one hour after the accident had occurred. Donald went to the scene of the accident. When she and her son were about to leave, the defendant opened the car door and entered the car. He asked her

to drive him home. She, her son, and the defendant sat in the front seat. She inquired of the defendant his knowledge of the accident and he replied he was involved in the accident and would not have done what he did if he could have avoided it. She further testified she smelled alcohol and was of the opinion defendant was intoxicated.

Donald Collins corroborated his mother as to what defendant had told her about the accident. He further testified the defendant told him, ''he had hit the boy.'' He also stated he smelled the odor of alcohol on the defendant and he was intoxicated.

With the introduction of the foregoing testimony and the testimony of plaintiff and one other witness, who had no knowledge as to how the collision occurred, the plaintiff concluded his case.

Defendant moved for a directed verdict, which motion was overruled. Defendant elected to stand upon his motion for a directed verdict and offered no proof.

The jury returned a verdict in the sum of $21,000.00. Defendant filed a motion for a judgment notwithstanding the verdict and a motion for a new trial. Both motions were overruled, however, the trial judge granted a remittitur of $7,500.00. A judgment for $13,500.00 was entered.

Defendant appealed to the Court of Appeals and there complained of the action of the trial judge in overruling his motion for a directed verdict.

The Court of Appeals affirmed the judgment of the trial court.

We have been presented with a petition for certiorari in behalf of the defendant, which we have granted.

The Court of Appeals, in affirming the judgment of the trial court, said:

"Under our law there is a presumption that the deceased was in compliance with the law and was in the exercise of ordinary care at the time of his death. Such arises out of the natural instinct of self-preservation and makes out a prima facie case which prevails until overcome by competent evidence. *Oder v. Parks,* 34 Tenn.App. 303, 237 S.W. 2d 571; *Tenn. Central R. R. Co. v. Herb,* 134 Tenn. 397, 183 S.W. 1011.

"Bearing in mind these principles, we are of the opinion the trial judge properly submitted the case to the jury.

"A review of the testimony and exhibited photographs shows this accident could only have happened while the defendant was either attempting a left turn or proceeding northerly through the intersection. Although there is no proof as to which party had the green light, the jury could have found the deceased was traveling on a green light because of the presumption of the deceased taking due care of his own safety. In either situation, whether defendant was crossing the intersection or turning left, the jury could have also inferred the defendant was negligent by crossing the intersection on a red light or making a left turn without yielding the right-of-way to an approaching vehicle."

It is our opinion the above reasoning for the Court of Appeals is erroneous.

■ The presumption that the deceased was exercising due care for his own safety is not evidence of defendant's negligence. Nor does it shift the burden of proof to defendant or authorize a jury to speculate as to the cause

of death. *Nichols v. Smith,* 21 Tenn.App. 478, 111 S.W.2d 911 (1937); *Seahorn v. Karr,* 35 Tenn.App. 38, 242 S.W. 2d 331 (1951).

With respect to the issue of whether defendant was driving his automobile while under the influence of an intoxicant the Court of Appeals said:

"Furthermore, from the testimony of the two witnesses that defendant was intoxicated a short time after the accident, the jury could reasonably have inferred the defendant was operating his car in violation of T.C.A. 59-1031 (Intoxicated or drugged persons prohibited from driving) which would constitute negligence per se. *Rice Bros. Auto Company v. Ely,* 27 Tenn. App. 81, 178 S.W.(2d) 88; *Davis v. Farris,* 1 Tenn.App. 144; *Tinin v. Siner,* 9 Tenn.App. 252.

"It is true civil liability does not result unless a violation of the statute is found to be the proximate cause of the accident. In this case we think the issue of proximate cause was for the jury."

There is evidence the defendant was intoxicated approximately one hour after the accident. Defendant agrees with the statement of the Court of Appeals the jury was justified in finding the defendant was operating his automobile while under the influence of an intoxicant at the time of the collision. He insists, however, there is no evidence in the record upon which the jury was justified in finding this negligence was the proximate cause of the accident.

A violation of a penal statute is negligence per se and will sustain an action for a civil wrong, but only if it affirmatively appears that such violation was the proxi-

mate cause of the injury. *Mitchell v. Ketner,* 54 **Tenn.** App. 656, 393 S.W.2d 755 (1964).

Defendant contends it was necessary for the jury to speculate as to the proximate cause of the collision, ''because any number of possible explanations can be derived from the proven facts.'' That is, it is entirely consistent with the proven facts to conclude the deceased was operating his motorcycle against a red traffic signal; that he was operating his motorcycle at a high speed without any headlights; or that defendant operated his car against a red light or failed to yield the right-of-way.

It is true a verdict cannot be based on conjecture. *Nichols v. Smith,* 21 Tenn.App. 478, 111 S.W.2d 911 (1937).

It is true there is no evidence in the record as to whether the traffic lights, which control traffic at the intersection, were operating at the time of the collision. Consequently there is no proof deceased entered the intersection on a green light, as alleged in the declaration. Nor is there any direct proof as to which of the parties had the right-of-way or failed to yield the right-of-way immediately prior to the accident, in the event the traffic lights were not, in fact, in operation.

However, defendant admits there is evidence he was negligent as a matter of law in operating his automobile while under the influence of an intoxicant.

''Driving while drunk is an act malum in se, highly criminal, fraught with danger and evinces such entire want of care and indifference to results as to constitute wanton negligence.'' *Rice Bros. Auto Co. v. Ely,* supra.; *Consolidated Coach Company v. McCord,* 171 Tenn. 253, 102 S.W.2d 53 (1937).

■ Ordinary contributory negligence will not bar a recovery in an action based on gross or wanton negligence, unless the contributory negligence is also gross or wanton. *Brown v. Barber,* 26 Tenn.App. 534, 174 S.W. 2d 298 (1943).

■ Unless plaintiff's contributory negligence appears from his proof, the burden of showing its existence rests on the defendant. *Taylor v. Robertson,* 12 Tenn.App. 320 (1930).

The presumption in the instant case is the deceased was in the exercise of ordinary care at the time of the accident. *Oder v. Parks,* 34 Tenn.App. 303, 237 S.W.2d 571 (1948).

"It is elementary that when there is material evidence that either of the parties has acted with a lack of care and the lack of care is causally connected with the injury, a jury question is created." *Osborn v. City of Nashville,* 182 Tenn. 197, 185 S.W.2d 510 (1945).

"In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence * * * under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act." *Bradshaw v. Holt,* 200 Tenn. 249, 292 S.W.2d 30 (1956) ; *Fairbanks, Morse and Co. v. Gambill,* 142 Tenn. 633, 222 S.W. 5 (1919).

The injuries complained of must have been those which might have been foreseen by a man of ordinary intelligence and prudence, although not necessarily in the precise form in which they accrued. *Shell Oil Co. v. Blanks,* 46 Tenn.App. 539, 330 S.W.2d 569 (1959).

■ It would be a mockery of the law for one guilty of operating a motor vehicle upon the public highways while under the influence of an intoxicant to say he could not foresee the consequences of his act. *Rogers v. State,* 196 Tenn. 263, 265 S.W.2d 559 (1954).

■ It is our opinion the plaintiff made out a prima facie case of liability by proving the defendant was operating his car while under the influence of an intoxicant at the time of the collision from which the death of his intestate resulted.

From the facts and circumstances of this case, it was for the jury to say whether the operation of the automobile while under the influence of an intoxicant was a continuing efficient cause of the death of Daniel and not a mere antecedent fact. From the fact defendant was operating his car while drunk, the jury could have reasonably inferred the defendant failed to yield the right-of-way and caused the accident whether the traffic lights were in operation or not.

Consequently, we are of the opinion that the verdict of the jury was not based upon conjecture and speculation.

The judgment of the trial court is affirmed with costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON SPECIAL JUSTICE, concur.

## Opinion on Petition to Rehear

MR. JUSTICE CHATTIN.

Petitioner has filed a very earnest and forcible petition to rehear. He insists we erroneously held that the jury could have inferred from testimony the petitioner was

intoxicated approximately one hour after the accident, that petitioner was operating his automobile while under the influence of an intoxicant at the time of the accident; and based on this inference could further infer the petitioner negligently failed to yield the right-of-way which caused the accident.

Thus, it is argued such reasoning violates the rule an inference cannot be properly based upon another inference.

However, we stated in our original opinion petitioner admitted in his original brief the jury was justified in finding from the evidence the petitioner was operating his automobile at the time of the accident while under the influence of an intoxicant; his only insistence being there was no evidence upon which the jury could find this negligence was the proximate cause of the accident.

■ A fact may be inferred from circumstantial evidence and such fact may be the basis of a further inference to the ultimate or sought-for fact. *Good v. Tennessee Coach Company,* 30 Tenn.App. 575, 209 S.W.2d 41 (1948); *Adamant Stone & Roofing Company v. Vaughn,* 7 Tenn.App. 170 (1928); *Nashville Gas & Heating Company v. Phillips,* 17 Tenn.App. 648, 69 S.W.2d 914 (1934).

There was admittedly circumstantial evidence from which the jury could have reached a conclusion the petitioner was operating his automobile while under the influence of an intoxicant at the time of the accident. This was a finding of fact, and from this fact, taken in connection with the testimony of J. P. Scarlett relative to the physical facts appearing at the scene shortly after the accident, the condition of the automobile and the motorcycle and the absence of any evidence of proximate

contributory negligence on the part of the decedent, the jury could have drawn an inference that petitioner, in his intoxicated condition, negligently failed to yield the right-of-way, which caused the collision. This was not an inference based upon an inference, but an inference drawn from facts.

The petition to rehear is denied.