HIGHLAND DODGE, INC.

*v.*

LILLIE MAE TRENT.

445 S.W.2d 903.

(*Nashville,* December Term, 1968.)

Opinion filed October 10, 1969.

SOLON FITZPATRICK, Carthage, JENT & WELLS, LaFayette, for plaintiff in error.

JAMES DONOHO, Hartsville, for defendant in error.

MR. JUSTICE McCANLESS delivered the opinion of the Court.

Lillie Mae Trent, the widow of Vestle Trent, brought suit against Highland Dodge, Inc., in the Circuit Court of Macon County for the wrongful death of her husband and recovered a judgment of ten thousand dollars. The Court of Appeals reversed and we granted certiorari.

The facts alleged and proved are that on April 8, 1966, the defendant by two of its agents, put the deceased, then in a drunken condition, in possession of an automobile and within a short time thereafter he wrecked the automobile and was killed.

 The Circuit Judge included the following in his charge to the jury:

"If you find that the defendant turned an automobile over to the deceased when he was then drunk or intoxicated to such an extent he was incapable of exercising judgment and discretion for his own safety then Vestle Trent would not be chargeable with contributory negligence barring a recovery in this case."

We are of the opinion that this part of the charge was erroneous and that the Court of Appeals properly reversed the judgment of the Circuit Court.

That the deceased met his death because of his own negligence there can be no doubt from the record, the plaintiff herself having alleged and proved that the fatal wreck resulted from his drunkenness.

 When the deceased operated the automobile while intoxicated, he violated a penal statute (Sections 59-1031 to 59-1035, T.C.A.) and was guilty of negligence. *Stinson v. Daniel,* 220 Tenn. 70, 414 S.W.2d 7. His voluntary intoxication did not relieve him of the consequences of his negligence, one consequence of which was to bar the plaintiff's recovery in this case. *Schwartz v. Johnson,* 152 Tenn. 586, 280 S.W. 32, 47 A.L.R. 323.

The judgment of the Court of Appeals is affirmed.

DYER, CHIEF JUSTICE and CHATTIN and CRESON, JUSTICES, concur.

HUMPHREYS, JUSTICE, not participating.