JOHN D. HOSTETTLER, Plaintiff in Error, v. C. F. VADEN, Defendant in Error.

Middle Section.   July 2, 1931.

Petition for Certiorari denied by Supreme Court, December 19, 1931.

Jeff McCarn, of Nashville, for plaintiff in error, Vaden.

Higgins & Moore, of Nashville, for defendant in error, Hostettler.

CROWNOVER, J.   This was an action for damages for an assault with a stone when defendant in error was walking across the fields of plaintiff in error near Nashville.

Plaintiff in error filed a general plea of not guilty and two special pleas that defendant in error was trespassing upon the premises of plaintiff in error and refused to leave when requested to do so, and defendant threw clods at him solely for the purpose of causing him to depart from the premises and cease trespassing, and that he used only such force as was necessary.

The case was tried before the judge and a jury and a verdict for $500 in favor of defendant in error was returned by the jury.

Plaintiff in error's motion for a new trial having been overruled he has appealed to this court and has assigned six errors.

C. F. Vaden, accompanied by another young man, by the name of Swain, was collecting for an industrial insurance company. In going from the Murfreesboro Pike to the Elm Hill Road they found they could save walking a distance of about one and a fourth miles by going across the fields of John D. Hostettler. They went across the fields, collected from a customer and were returning by the same route. It was the 17th of April and a man was plowing in the field. Nothing was growing in the field and nothing planted. They walked on the unplowed part. It was cultivated land, but unbroken.

Plaintiff in error saw them in the field, approached them and said: "You know better than to come across my place, get off of here G— D— quick." Defendant in error and his companion turned and began going back in the direction from whence they had come, and offered no resistance. Plaintiff in error threw stones or clods at them, and cursed and abused them, using offensive language and calling them vile names. A large clod or stone about the size of an alarm clock, hurled by Hostettler, struck defendant in error in the back, just above his right kidney, and made a bruised spot. He consulted a doctor, and recovered within three or four weeks. He did not lose any time from work. His doctor bill was $4.

1. Plaintiff in error, in his brief, abandoned his first assignment of error, that there was no evidence to sustain the verdict.

2. The second assignment, that the court erred in charging the jury that in assessing the damages they should "take into consideration . . . the loss of time" of the defendant in error from work, the proof showing that the defendant in error lost no time from work, is not well made and must be overruled. It will be noted that after the court enumerated the different elements of damage, he followed it with the expression, "as may be proven." Defendant in error's proof showed that there was no time lost. We think that this charge was a mere inadvertence and was harmless error. Counsel for plaintiff in error did not draw the attention of the court to this inadvertence, and no question seemed to have been made about it until after the jury returned a verdict.

"Counsel engaged in a trial should aid the court by calling attention to an abstraction or an inadvertence in delivering charge to jury; and failing to do so, this court will not reverse unless convinced that party complaining has been prejudiced, or that justice is about to miscarry." Carney v. Cook, 158 Tenn., 333, 13 S. W. (2d), 322.

3. The third assignment complains of the judge's charge to the jury that they might allow the defendant in error punitive damages if they thought that the facts warranted such a verdict.

Defendant takes the position that as the defendant in error was a trespasser on his premises he had a right to use force in expelling the intruder, and that his right to eject the defendant in error in this case negatived the idea of wantonness, hence it is insisted that there is no ground for the charge.

Ordinarily it is a question for the jury if the requisite facts are properly pleaded and proven. Davis v. Farris, 1 Tenn. App., 153.

"On the extent of the jury's discretion the authorities are not agreed further than that the existence of the elements requisite to the allowance of exemplary damages is in general a question for the jury." 17 C. J., 972. sec. 268.

The defendant in error insists that no force was necessary to eject him, and that plaintiff in error's acts were malicious, wanton and oppressive.

"The doctrine that, in cases where the elements of fraud, malice or gross negligence or oppression, enter into the injury, the interest of society and the aggrieved party are blended; and that the jury in such cases may award exemplary damages, has been too long enforced in our lower courts, and too often construed by this court, to be now disturbed." Dougherty v. Shown, 1 Heiskell, 302; Cox v. Crumley, 5 Lea, 530. See Johnson v. Perry, 2 Humph., 569; Wilkins v. Gilmore, 2 Humph., 140; Polk v. Fancher, 1 Head, 336; Byram v. McGuire, 3 Head, 530; Smith v. Eakin, 2 Sneed, 436; Carter v. Peck, 4 Sneed, 208.

"If what is done be done with a fraudulent, malicious or oppressive intent on the part of the wrongdoer, there would be ground for exemplary damages, although, to use the language of the trial judge in his charge, 'the act be done in a quiet and gentlemanly way.' So, on the other hand, although there be neither malice nor fraud, nor intent to oppress on the part of the wrongdoer, yet if the act be done in a rude, insulting or reckless manner, in disregard of social obligations, or with such gross negligence as to amount to positive misconduct, there would be ground for exemplary damages. There must be a wrong intent or a wrongful execution of an honest intent." Railroad v. Guinan, 11 Lea, 98.

Hence we think the matter of punitive damages was properly submitted to the jury and this assignment must be overruled.

4. Plaintiff in error's fourth assignment is that the court erred in refusing to charge his special request as follows:

"Plaintiff has alleged in his declaration that defendant threw stones at him and struck him with a stone. You are instructed that in order to recover plaintiff must prove his case as averred in his declaration, and I further instruct you that if the greater weight of the evidence shows you that defendant threw at plaintiff and hit him with a clod or clods of earth and not a stone or stones, then your verdict should be for defendant."

"At common law, a reasonable presumption was indulged in favor of the rights of the defendant and against the pleader on the theory that the pleader had selected the language. However, this rule of construction has been necessarily modified, in Tennessee, in order to give effect to all material averments, where reasonably possible, so as to comply with the forms authorized by statute; and now, any pleading is good, when it conveys a reasonable certainty of meaning, and when by a fair and natural construction it shows a substantial cause of action or defense." Grace v. Curley, 3 Tenn. App., 1.

The insistence that there was a variance between the pleadings and the proof, is not sustained, for the reason that "a variance results from a discrepancy between the allegations and proof of the same party, not between the allegations of one party and the evidence of the opposite party." 49 C. J., 808.

"To constitute a material variance there must be a substantial departure in the evidence from the issues upon which the cause of action or defense depends. There must be a disagreement between the allegation and the proof in some matter which, in point of law, is essential to the claim or defense relied upon. The rule that proof must correspond to allegation applies only to such allegations as are in themselves essential to the claim or defence, or which in some way qualify these which are, by their connection with them, in the mode of statement, and so become essential. A variance which does not affect the gist of the action as alleged is immaterial." 49 C. J., 808-9, sec. 1190.

"Allegations descriptive of the means by which a bodily injury was effected or of the manner in which the means were used need not be strictly proved, provided they are proved in substance. Nor was a variance in this respect fatal even at common law in cases where the means laid and the means proved were of the same nature and character. But where the means proved are opposite in nature and character to those alleged, the variance is fatal." 22 Ency. Plead. & Pract., 584.

It was immaterial whether the injury was inflicted with a stone or a clod. The result was the same. A variance as to the weapon with which an assault was committed is immaterial. 25 Stand. Ency. Proc., 608 n. (a). Hence this assignment must be overruled.

5. The assignments that the verdict was so excessive as to evince passion, prejudice or caprice on the part of the jury, are not well made and must be overruled. Evidently the jury took the plaintiff's theory and held that the assault accompanied by profane language and opprobrious epithets as applied to plaintiff was unwarranted, for which defendant below was liable for punitive damages. Under the circumstances we feel that we should not disturb the judgment.

It results that all the assignments are overruled, and the judgment is affirmed. A judgment for $500 and interest from November 21, 1930, to the present, will be entered in favor of C. F. Vaden and against John D. Hostettler. The cost of the cause including the cost of the appeal is adjudged against Hostettler and the surety on his appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.