W. B. MULLINS, SR. v. W. J. MURPHREE and R. V. FOLLIS.

W. B. MULLINS, JR., v. W. J. MURPHREE and R. V. FOLLIS. —345 S. W. (2d) 505.

Middle Section. October 28, 1960.

Certiorari Denied by Supreme Court March 10, 1961.

Gracey, Buck, Maddin & Cowan, Nashville, for plaintiff.

Manier, Crouch & White, Mac Robinson, Nashville, for defendant.

## I

SHRIVER, J.   These are two cases tried together by consent of counsel and order of Court and brought to this Court on one transcript and bill of exceptions.

The action grows out of a motor vehicle collision on the Lebanon Road in Davidson County wherein W. B. Mullins, Jr., a young man 18 years of age at the time of the accident, received certain personal injuries and damages.

W. B. Mullins, Jr., sued by his father as next friend for personal injuries, both temporary and permanent, and for loss of time due to his injuries.   W. B. Mullins, Sr., sued for damages to his automobile which was being operated by his son, W. B. Mullins, Jr. at the time of the accident and for medical expenses and loss of services of his son.

The two cases were tried together before Judge Henry F. Todd, and a jury and resulted in a verdict and judgment in favor of W. B. Mullins, Jr., in the amount of $5,750 and in favor of the father, W. B. Mullins, Sr., in the amount of $1,500.

The motion for a new trial was overruled and the cases are here on appeal in the nature of a writ of error.

## II

### Assignments of Error

■ While the first two assignments assert that there is no evidence to support the verdict and that the verdict of the jury is excessive, counsel for the defendants did not insist on these grounds in the oral argument or in his brief and argument filed in this cause, and an examination of the record convinces us that there is substantial, material evidence to support the verdict which is not excessive.

*Assignment No. 3,* is as follows:

"The Trial Court erred in charging that W. B. Mullins, Jr., the minor, in his suit by next friend could recover for loss of his time and for decreased capacity for earning money, and at the same time charged that W. B. Mullins, Sr., could recover for loss of the services of his son, as the Court thereby instructed the jury and permitted the jury to return a verdict in the son's case on the same theory of loss, permitting a double recovery."

*Assignment No. 4,* sets out the portions of the charge complained of.

## III

Counsel for defendant in his brief and argument states as follows:

"The main question presented to this Honorable Court is—whether or not the Trial Court was in error in making a positive and affirmative charge in each case that each of the Plaintiffs might recover for 'nature and extent of injuries', 'loss of time'

and 'loss of services', etc., based upon injuries growing out of this accident.''

The evidence is that a large tractor-trailer truck owned and operated by the defendants ran into the plaintiff's vehicle when said vehicle was making a left turn at a point where the roadway was lined with a double yellow line indicating no passing on the part of the defendant vehicle which had previously been following that of the plaintiff.

Plaintiff, W. B. Mullins, Jr., was driving an automobile belonging to his father and was accompanied at the time by a young lady with whom he was keeping company. The facts and circumstances testified to by the parties make a clear case for the jury on the question of negligence and contributory negligence and these issues were found in favor of the plaintiff.

The proof further shows that W. B. Mullins, Jr., suffered serious injuries in that one foot was badly bruised and a bone broken necessitating hospitalization and a plaster cast on said foot for some length of time, and the testimony of Dr. Charles M. Hamilton indicated the probability of some permanent injury and impairment of plaintiff's use of his foot.

It was stipulated by counsel that the damage to the automobile of the father was $945.

It is shown that the Court in charging the jury made one charge which covered both cases and it is insisted by plaintiffs in error, defendants below, that the Court charged the same or substantially the same measure of damages in each case and that this constituted reversible error.

The portions of the charge complained of are as follows:

"If you find for the defendants, your verdict should be: 'We find for the defendant'. But if you find for the plaintiffs, you should go further and assess the damages. In assessing the damages in respect to W. B. Mullins, Jr., you will take into consideration the nature and extent of the injuries; the amount of mental and physical pain suffered on account of same; the loss of time; and the decreased capacity for earning money as may be proven; and you will report a verdict for such amount as will reasonably compensate that plaintiff for the injuries sustained.

"In assessing the damages, if any, in respect to W. B. Mullins, Sr., you will take into consideration the nature and extent of the injuries; the expenses incurred on account of same, including such doctors bills, nurses hire, medicines, loss of services, and property damage as may be proven and you will report a verdict for such amount as will reasonably compensate that plaintiff for the injuries sustained."

In analyzing the above portions of the Judge's charge it will be noted that, with respect to W. B. Mullins, Jr., the Court instructed the jury to take into consideration the nature and extent of the injuries. This was certainly proper. The Court then instructed the jury to take into consideration the amount of mental and physical pain suffered on account of same. This, of course, was proper. The Court then instructed the jury to take into consideration "Loss of time and the decreased capacity for earning money *as may be proven*".

With regard to the instructions as related to decreased capacity for earning money we think that this was proper because, if the jury found that there was permanent injury to the plaintiff, they might properly have considered the decreased capacity for earning money after the young man reaches his majority even if, at the same time, they considered that his decreased capacity for earning money was also to be related to the damages of his father under the proof.

This leaves only the question of "Loss of time" to be considered.

Under the proof it is shown that W. B. Mullins, Jr., had been working for some time in construction work making up mortar and doing labor of that kind. It is not shown whether this young man, eighteen years old, was emancipated by his father so that he drew his wages and used same for his own purposes, or whether his father claimed said wages.

Loss of time where he had been earning forty to fifty dollars a week was an item to be considered and it was for the jury to determine, under the facts, whether this loss of time was to be considered as a part of the loss of W. B. Mullins, Jr., or the loss of W. B. Mullins, Sr., and we must assume that, under the instructions of the Court and the proof, they related it to only one or the other and not to both.

In examining the instructions as to the damages to be assessed in favor of W. B. Mullins, Sr., we do not find any error in said instructions. The nature and the extent of the injuries could be properly considered in connection with "loss of services" and, as to what services of this minor the father experienced a loss, is to be related

to all of the evidence. Again, if there was no evidence of loss of services by the father, this instruction was harmless.

In Carney v. Cook, 158 Tenn. 333, 339, 13 S. W. (2d) 322, 325, the Court pointed out that it did not affirmatively appear that the jury allowed any damages for mental and physical suffering and that the Court would not presume that the jury allowed such damages where the uncontroverted evidence shows there was no mental or physical pain. Further, that where the Court could see that the amount allowed as compensation for a person's life was moderate, in other words that substantial justice was done by the verdict, it was a proper case for the application of the Act of 1911 (the Harmless Error Statute, T.C.A. sec. 27-117).

In said case the Court also stated:

"(2) In such circumstances, counsel engaged in a trial should aid the court by calling his attention to an abstraction or an inadvertence in delivering his instructions to the jury, and, where they fail to do so, this court will not reverse unless convinced that the party complaining has been prejudiced by such instruction, or that justice is about to miscarry."

In Thomason v. Trentham, 178 Tenn. 37, 154 S. W. (2d) 792, 138 A. L. R. 461, it was held that under the Harmless Error Statute probabilities and tendencies of errors in the trial below are not considered grounds for reversal, but there must be an affirmative appearance that the error affected the result of the trial.

And in National Life & Accident Insurance Company v. American Trust Company, 17 Tenn. App. 516, 68 S. W. (2d) 971, it was held that, where an instruction to the jury

correctly stated the law but had no basis in the facts of the case, the error in giving the instruction was harmless and did not constitute ground for reversal.

Also see Bradshaw v. Holt, 200 Tenn. 249, 292 S. W. (2d) 30, 35, where the trial court in the charge stated that in ascertaining damages the jury could consider the loss of services of the child during the child's minority and the Appellate Court held that any error in the trial court's instructions to that effect was not prejudicial, stating further;

> "However, we do not feel constrained to reverse the judgment for this error, because it is clear from the size of the verdict that the jury did not award more than fair compensation for the actual pecuniary loss sustained."

In Hostettler v. Vaden, 13 Tenn. App. 454, it was shown that the plaintiff did not lose any time from work, however, the Court charged the jury that in assessing the damages they should "Take into consideration the loss of time" of the defendant in error from work.

The opinion of the Court of Appeals points out that after the Court enumerated the different elements of damage, he followed it with the expression, "As may be proven" and that, although the proof showed that there was no time lost the Court was of opinion that this charge was a mere inadvertence and was harmless error.

We think the same rule applies in the case at bar, hence, the assignments of error are overruled and the judgment of the trial Court is affirmed.

Affirmed.

Hickerson and Humphreys, JJ., concur.